[No. 34287. Department One. January 23, 1958.]

LORENA E. LAMB et al., Respondents, v. THE RAILWAY EXPRESS AGENCY, INC., Appellant.[1]

[1]Reported in 320 P. (2d) 644.

Kenneth C. Hawkins, for appellant.

Lyon & Kohls and Ernest Falk, for respondents.

MALLERY, J.—This case was tried to the court without a jury. The plaintiffs, doing business as The Lamb Fruit Company, brought this action to recover damages from the defendant resulting from its failure to transport a carload of cherries from Reith, Oregon, to New York city with reasonable dispatch. From a judgment for the plaintiffs, the defendant appeals.

The trial court found that respondents delivered the carload of cherries, consisting of 1,568 lugs, to appellant at Milton, Oregon, at seven o'clock a. m., June 27, 1948. At about 9:10 a. m. of that day, the car was forwarded to Reith, Oregon, on Union Pacific train No. 361. At Reith, it was included in a train referred to as the cherry special, which originated at Reith and departed therefrom at about one o'clock p. m., June 27, 1948. The car in question was originally destined for Chicago, Illinois, but was later timely diverted in transit to New York city. The published schedules of the appellant for the cherry special provided for its arrival in New York city in time for the fourth subsequent morning auction. The train was delayed, with the result that respondents' carload of cherries arrived one day late and had to be sold on the fifth morning auction for less than they would have brought the day before.

Appellant contends that the burden is on respondents to show that appellant was negligent, in addition to showing unreasonable delay in delivery.

We think the better-reasoned rule is as stated in 13 C. J. S. 421, § 216:

"It is clearly the majority rule, as stated in Corpus Juris, which has often been quoted and cited as authority therefor,

that when evidence of unusual delay is adduced, a prima facie case of negligence is made out, and the burden then devolves on the carrier to explain or excuse the delay and to show that it arose from some cause other than the carrier's negligence, or that of its agents or servants."

The trial court did not err in following this rule.

The appellant contends the court erred in finding that there was an unreasonable delay in delivery, because the delivery time was within the terms of published schedule No. 58 for the *regular* freight service. The court found, and the record supports the finding, that the cherries were shipped in the *cherry special*, which had a one-day earlier arrival in New York city than the regular freight service.

Appellant assigns error to the trial court's finding that it failed to excuse the delay. We think the record supports the trial court's finding in this regard.

The appellant contends it does not guarantee its schedules. The recovery in this case is not sought under a guarantee of delivery for a particular market or transportation on a particular train, but it is predicated on a failure to transport with reasonable dispatch. *New York, Philadelphia, & Norfolk R. Co. v. Peninsula Produce Exchange*, 240 U. S. 34, 60 L. Ed. 511, 36 S. Ct. 230.

Appellant assigns error to the admission of certain evidence of settlements with other shippers on the same train, on the ground that such settlements were offers of compromise. In the findings of fact, the trial court indicated that the pertinent findings were made independent of the evidence in question. Thus, even if the admission of the evidence was error, it was harmless in a cause tried to the court.

Appellant assigns error to the finding that respondents were damaged by the market decline from July 1, 1948, to July 2, 1948. Victor Joseph qualified as an expert and testified that he had represented Washington and Oregon cherry shippers during June and July, 1948; that his company sold the cherries in question, and he had been present at the auctions and observed the condition of the cherries on both days; and that the New York Daily Fruit Reporter is

generally accepted by the trade, the carriers, and the appellant as being correct, and, based upon that and upon his observation and experience, he was of the opinion that the cherries in question suffered a net decline in market value from July 1, 1948, to July 2, 1948, of $2,973.64. He further testified that the July 1, 1948, market was a special market, because the cherries sold on that auction would be on the retail market on the three-day week end immediately following, but cherries sold on July 2, 1948, would have to be held over until July 6, 1948, for the retail market, at which time they would compete with fresher cherries.

The court's finding is supported by the record.

■ Appellant assigns error to the allowance of interest from the date of the loss, on the ground that under Washington law an unliquidated claim does not bear interest. This assignment is well taken. *Grays Harbor County v. Bay City Lbr. Co.*, 47 Wn. (2d) 879, 289 P. (2d) 975.

■ The respondents contend that, since the transportation was in interstate commerce, the Washington rule does not apply and interest is properly allowable under the Carmack amendment. 49 U. S. C. A. 114, § 20 (11). Federal circuit courts have allowed interest in similar cases. We have held that such decisions are not binding on us in Washington. *Home Ins. Co. v. Northern Pac. R. Co.*, 18 Wn. (2d) 798, 140 P. (2d) 507, 147 A. L. R. 849, and *York v. Gaasland Co.*, 41 Wn. (2d) 540, 250 P. (2d) 967.

Accordingly, the judgment is modified by striking out the allowance of interest. It is otherwise affirmed. The respondents may recover their costs.

HILL, C. J., WEAVER, ROSELLINI, and OTT, JJ., concur.

---

May 14, 1958. Petition for rehearing denied.